KING, Justice,
Dissenting:
¶ 18. With appropriate respect for the majority, I dissent.
¶ 14. At the outset, let me say that I, too, share the majority’s concern about the seemingly frenetic speed with which this matter has moved through the trial court and landed on the docket of this Court. However, I would be remiss if I did not also question the frenetic speed with which this matter is being handled on this Court’s docket. This is particularly true when one views the majority’s disposition of this case. While this is doubtlessly a matter of some importance, so too are the many other cases which are placed before the trial court and this Court.
¶ 15. The majority, relying on Power v. Ratliff, 112 Miss. 88, 72 So. 864 (Miss.1916), holds that “the present challenge to the substantive validity of the measure is not ripe for consideration.” If as the majority finds, this case is not yet ripe for resolution, then it must also follow that the frenetic pace at which this case has been addressed, both by the trial court and this Court, is not warranted. However, I believe that the majority’s reliance on Ratliff is misplaced.
¶ 16. Initiative 31 and Ratliff are clearly distinguishable. Initiative 31 concerns a voter-driven initiative. This method of amending the Constitution did not even exist until 1992, well after the Ratliff decision. See 1992 Miss. Laws 1318-1322. Ratliff, on the other hand, addressed whether laws passed by the Legislature specifically laws concerning liquor, hunting, and fishing — could be subject to popular vote. Ratliff, 72 So. at 865-66. Also, the proposed measures in Ratliff did not seek to propose, modify, or repeal any section of the Bill of Rights. Furthermore, Mississippi Constitution Article 15, Section 273(5) did not exist at that time. See 1912 Miss. Laws. 450-51. In other words, “the gravamen of the bill after all is an injunction against the exercise by the people of a veto power upon the legislature in question.” Ratliff, 72 So. at 866. Ratliff did not address the issue before us today.
¶ 17. However, In Re Proposed Initiative Measure No. 20, 774 So.2d 397 (Miss.2000), is an analogous case. Measure 20 addressed a voter-driven initiative to prohibit gambling within the state, with exceptions. Id. at 398. Yes, it is true that the Measure 20 Court ultimately resolved that case on whether the sponsor of the initiative had failed to provide a government revenue-impact statement. Id. at 401-402 (¶¶ 18-20). But equally true, the Measure 20 Court also addressed the issue before us today — whether the content of a voter-driven initiative is subject to review. Id. at 400-401 (¶¶ 13-17).
¶ 18. The majority dismisses that holding of Measure 20 as merely dicta. I disagree. Black’s Law Dictionary defines “dictum” as “[a] statement, remark, or observation. Gratis dictum; a gratuitous or voluntary representation; one which a party is not bound to make. Simplex dictum; a mere assertion; an assertion without proof.” Black’s Law Dictionary-454 (6th ed. 1990). The holding of the Measure 20 Court fails to come within either definition of dictum. The Measure 20 Court specifically held that courts have jurisdiction to review the constitutionality of a proposed measure before it is placed on the ballot, stating that:
*1283 Stoner argues that the proper and only time that the courts may review the constitutionality of a proposed initiative is after the electoral die is cast in a general election. In effect, she argues for unbridled ballot box chaos. This argument runs counter to all notions of ballot box efficiency and notice to the electorate.
We hold today that §§ 2B-17-1 et seq. do not divest the Circuit Court of the First Judicial District of Hinds County of its jurisdiction as set forth in section 156 of the Constitution. As such, this circuit court is the proper venue and has jurisdiction to review the facial constitutionality of proposed initiatives.
Measure 20, 774 So.2d at 401 (¶¶ 15-16). Beyond question, the issue of the authority of the Court to conduct a pre-ballot review of the facial constitutionality of proposed initiatives was before the Measure 20 Court. The Measure 20 Court acknowledged that proposed initiatives should not be reviewed for merit or lack thereof. Id. at 401 (¶ 17) (citing Ratliff, 72 So. 864). But the Court held that proposed initiatives should be reviewed for form, and content is reviewed “inasmuch as content affects form and form affects content.” Id.
¶ 19. The majority claims that the Measure 20 Court did not cite authority for its position and, thus, its holding is only dicta. Once again, I disagree. The authority for that holding is implicit in the Mississippi Constitution.
¶ 20. Circuit courts have jurisdiction to determine whether proposed initiatives violate the constitution. Section 156 of the Constitution provides, in part, that “[t]he circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this constitution in some other court....” Miss. Const, art 6, § 156. Section 146 of the Constitution provides this Court with appellate jurisdiction of such matters, providing, in part: “The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law.” Miss. Const, art 6, § 146.
¶21. Mississippi Constitution Article 15, Section 273(5), provides, in pertinent part, that: “The initiative process shall not be used ... [f]or the proposal, modification or repeal of any portion of the Bill of Rights of this Constitution[.]” Any proposed initiative which runs contrary to Section 273(5) does not meet the procedural requirements for submission as a voter-driven initiative. The Constitution strictly prohibits any such act. It follows that circuit courts must review the content of a proposed initiative to determine whether it procedurally violates Section 273(5). Such an inquiry does not (and should not) address the merits or lack thereof of the proposed initiative. Logically, it follows that this Court has jurisdiction to review the circuit court’s ruling.
¶ 22. The majority further seeks to dismiss this Court’s holding in Measure 20 by saying, “But the Measure 20 Court went on to implicitly hold that substantive challenges to proposed initiatives are also proper for pre-election review. Citing no constitutional, statutory, or caselaw authority, the Measure 20 Court stated that ‘proposed initiatives are subject to review of form and, therefore, content inasmuch as content affects form and form affects content.’ The lack of authority is no surprise, as such authority is nonexistent. In fact, our existing caselaw has held exactly the opposite.” (Citations omitted).
¶ 23. First, it must be noted that, to the extent the ruling in Measure 20 conflicts with prior rulings of this Court, such as Ratliff, it is the last-adopted ruling and *1284 should take priority. The Supreme Court has stated that “when we embark upon [a] new interpretation [of the Constitution] we must divine that interpretation which best fits the constitutional text and which flows from the best justification that may be given for the continued inclusion of that text in the Constitution.” State ex rel. Moore v. Molpus, 578 So.2d 624, 637 (Miss.1991) (citations omitted). One year after the Supreme Court’s ruling in Molpus, Section 273 was amended to include,, among others, subsections 3 and 5. See 1992 Miss. Laws 1318-1322.
¶24. The Molpus court also stated that:
[Power v. Ratliff ] is an interpretation of Section 273 as it existed prior to 1959. Courts do not normally overrule readings of statutes which have been amended. The obvious reason is that the amendment itself overrules the prior interpretation, which becomes for all practical purposes relegated to history.
Molpus, 578 So.2d at 639. That reasoning applies here as well. Section 273 was substantially amended in 1992. See 1992 Miss. Laws 1318-1322. Ratliff is an interpretation of Section 273 as it existed prior to 1992. See 1912 Miss. Laws. 450-51. The 1992 amendment, for all practical purposes, negated the prior interpretation. Thus, the Supreme Court’s interpretation of Section 273 in Measure 20 should control today’s decision.
¶ 25. Second, while this Court expresses a commitment to the principle of stare decisis, by a simple majority vote, it has not hesitated to ignore or overrule prior decisions when deemed appropriate. This observation is not intended to suggest that I take lightly the principle of stare decisis. However, a slavish devotion to prior decisions can produce irrational results. Perhaps the best example is the doctrine of “separate but equal.” In 1896 the United States Supreme Court upheld segregation laws. Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256 (1896). If the United States Supreme Court had blindly followed the principle of stare decisis, it would have continued to uphold those laws. Thankfully, the Court had the wisdom and fortitude to ignore its prior precedent and overrule the separate-but-equal doctrine. Brown v. Bd. of Educ., 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954).
¶26. Section 273(5) clearly states that the initiative process shall not be used to propose, modify, or repeal any portion of the Bill of Rights. Miss. Const, art. 15, § 273(5). To determine whether an initiative seeks to propose, modify, or repeal a portion of the Bill of Rights, reviewing courts must consider the content of the proposed initiative for that limited purpose. Thus, we shall not allow initiatives that seek to propose, modify, or repeal any portion of the Bill of Rights on the ballot. Ratliff is inapplicable. Measure 20 is not an unreasonable reading or application of the 1992 amendments to Article 15, Section 273. Nor has this Court’s holding in Measure 20 been overruled. I would therefore proceed actually to address the matter which this Court accepted on an expedited basis, but now declines to address.
¶ 27. Since the majority does not address whether Initiative 31 violates Section 273(5), I reserve my views of that matter until it once again returns to this Court.
KITCHENS, J., JOINS THIS OPINION.